1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6   ANTHONY DUANE WEBB,

7                           Plaintiff,

8        v.

9   JACOB GOLLIHUGH, et al.,

10                         Defendants.

Case No. 2:21-cv-00421-BHS-TLF

ORDER TO SHOW CAUSE OR
AMEND THE COMPLAINT

11        This matter is before the Court on plaintiff's filing of a civil rights complaint.

12   Plaintiff has been granted *in forma pauperis* status in this matter and is proceeding *pro*

13   *se*. Considering the deficiencies in the complaint discussed below, however, the

14   undersigned will not direct service of the complaint at this time. On or before May 5,

15   2021, plaintiff must either show cause why defendant King County D.A.J.D. should not

16   be dismissed or file an amended complaint.

17                                DISCUSSION

18        The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis*

19   "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b)

20   "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief

21   against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.

22   § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact.

23   *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

24
25

1         Before the Court may dismiss the complaint as frivolous or for failure to state a

2 claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her

3 complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v.*

4 *Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co.,*

5 *Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir.

6 1987). On the other hand, leave to amend need not be granted "where the amendment

7 would be futile or where the amended complaint would be subject to dismissal." *Saul v.*

8 *United States*, 928 F.2d 829, 843 (9th Cir. 1991).

9         To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the

10 conduct complained of was committed by a person acting under color of state law, and

11 (2) the conduct deprived a person of a right, privilege, or immunity secured by the

12 Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

13 Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these

14 elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

15         Here, plaintiff alleges that defendants Jacob Gollihugh and Brandon Teeter, who

16 are King County Jail officers, used excessive force against him. Dkt. 1-1. Plaintiff has

17 explained the alleged actions of defendants Gollihugh and Teeter sufficiently to pass the

18 Court's screening.

19         However, plaintiff also seeks to bring his claim against "King County D.A.J.D"

20 (the "Jail"), the facility where he is confined. Dkt. 1-1 at 3. A jail is not proper defendant

21 because it is not a "person" that is capable of being sued under Section 1983. Rather,

22 King County would be the proper defendant. *See Monell v. New York City Dept. of*

23 *Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wright v.*

24

25

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

*Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). To state a claim against a municipality like King County, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Monell*, 436 U.S. at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not named King County as a defendant and has also not alleged facts demonstrating that it is liable. *See* Dkt. 1-1. If plaintiff seeks to sue King County, he must name it as a defendant and allege facts sufficient to meet the required elements of a claim against a municipality, including showing how King County violated his constitutional rights.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his claim against the Jail should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before May 5, 2021**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of defendant King County D.A.J.D. from this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 5th day of April, 2021.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 4